IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KATHY LOUISE JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-CV-04170-DGK-SSA |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Kathy Louise Jones's application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 *et seq.* The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including disorder of the spine, dysfunction of the bilateral hips, IT band syndrome, and obesity, but she retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions, including work as a production coordinator, an industrial order clerk, and an industrial engineer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for disability insurance benefits on August 30, 2019, alleging a disability onset date of August 29, 2019. The Commissioner denied the application at the initial claim level,

and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on September 30, 2020, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 22, 2021, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that substantial evidence does not support the ALJ's finding at Step Five that she had skills from her prior work that would transfer to the potential jobs of production coordinator, industrial order clerk, and industrial engineer.

Where, as here, the claimant is 55 years or older and limited to no more than sedentary work, the ALJ must analyze at Step Five whether she has skills that could transfer to other skilled or semi-skilled work.  *See* 20 C.F.R. §§ 404.1563, 404.1568(d)(4).  Skills are transferable "if the [new] sedentary work is so similar to [the claimant's] previous work that [the claimant] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work setting, or the industry."  20 C.F.R. § 404.1568(d)(4).  Whether skills are transferable are "most probable and meaningful among jobs in which [1] The same or lesser degrees of skill is required; [2] The same or similar tools and machines are used; and [3] The same or similar raw materials, products, processes, or services are involved."  20 C.F.R. § 404.1568(d)(2)(i)–(iii).  But the regulations make clear that "[a] complete similarity of all three factors is not necessary for transferability."  20 C.F.R. § 404.1568(d)(3).

In determining transferability, the ALJ may rely upon the testimony of the vocational expert.  *See Swedberg v. Saul*, 991 F.3d 902, 906 (8th Cir. 2021).  And "'[a]n ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residual functional capacity.'"  *Id.* (quoting *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014)).  Indeed,

---

of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g).  Through Step Four of the analysis the claimant bears the burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

if the claimant can perform one of the jobs identified by the vocational expert—and adopted by the ALJ—that exists in significant numbers in the national economy, substantial evidence supports the ALJ's Step Five decision. *See Weiler v. Apfel*, 179 F.3d 1107, 1111 (8th Cir. 1999) (holding substantial evidence supported ALJ's decision where one job existed with 32,000 positions).

Here, even assuming the ALJ erred in finding the transferability of skills with the industrial engineer and industrial order clerk positions, substantial evidence still supports the ALJ's conclusion that Plaintiff could perform work as a production coordinator. The vocational expert ("VE") testified that Plaintiff's prior work and any work as a production coordinator were "consistent as far as work fields[,] materials, production…services[,] and industry." R. at 75. She testified that although the items being manufactured might be different, the requirements of the job are similar. R. at 80. She also testified that 370,000 production coordinator jobs exist nationwide. R. at 74. And Plaintiff fails to show any conflict between the VE's testimony and the Dictionary of Occupational Titles regarding whether her skills were transferable to the production coordinator position.[2] She likewise fails to demonstrate why she cannot perform the production coordinator position given her uncontested RFC. The Court, thus, holds that the ALJ did not err at Step Five in concluding that there are a significant number of jobs in the national economy that Plaintiff can perform. *See Weiler*, 179 F.3d at 1111; *see also Swedberg*, 991 F.3d at 906.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 8, 2022   /s/ Greg Kays
                     GREG KAYS, JUDGE
                     UNITED STATES DISTRICT COURT

---

[2] Plaintiff argues that conflicts exist between the VE's testimony and the DOT for the other two jobs, but she does not do so for the production coordinator role.